UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARIAH K. MATHAI,<br><br>      Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA T/A PRUDENTIAL FINANCIAL,<br><br>      Defendant. | CIVIL ACTION NO. 02-CV-3709 |

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant The Prudential Insurance Company of America (incorrectly denoted as "T/A Prudential Financial"), by and through its undersigned counsel, Reed Smith, LLP, hereby answers the Amended Complaint of Plaintiff Zachariah K. Mathai ("Plaintiff") and asserts affirmative defenses, as follows:

### JURISDICTION AND VENUE

1. Defendant denies the allegations of Paragraph 1 of Plaintiff's Amended Complaint, including the allegations that Plaintiff has perfected jurisdiction under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) and 1132(a)(2), 28 U.S.C. § 1331 ("ERISA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et. seq.* ("Title VII"), except Defendant admits that the Amended Complaint purports to allege the existence of such jurisdiction as well as proper venue.

### THE PARTIES

2. Defendant admits that Plaintiff is a male individual, having a last known address of 366 Tomlinson Terrace in Philadelphia, Pennsylvania. Defendant is without sufficient information or knowledge to either admit or deny Plaintiff's ethnic or national origin and, therefore, that allegation is deemed denied.

3. Defendant denies the allegations contained in Paragraph 3 of the Amended Complaint except admits that it is an entity duly authorized to conduct business within the

Commonwealth of Pennsylvania. By way of further response, Defendant states that it has maintained an office located at 9000 Northbrook Drive in Trevose, Pennsylvania.

## FACTS

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint except admits that it employed Frank Valente ("Valente") as a Managing Director of its Greater Philadelphia Agency commencing December 11, 2000 and that Valente is Caucasian.

5. Defendant admits that it employed Plaintiff as an insurance agent from on or about April 13, 1998 through approximately January 24, 2001 and that he was a participant in the Prudential Retirement Plan, a defined employee benefit plan governed by ERISA. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint as setting forth conclusions of law to which no response is required.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint, except admits that Defendant terminated Plaintiff's employment on or about January 24, 2001 based upon reasonable, legitimate and non-discriminatory business reasons.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint except admits that Plaintiff was terminated on or about January 24, 2001 based upon reasonable, legitimate and non-discriminatory business reasons.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint except admits that Defendant acted in accordance with its obligations, if any, concerning the distribution of pension credits and commissions to Plaintiff and that Plaintiff alleged that he had not received certain pension credits and filed EEOC Charge No. 170A200260 in late 2001, which is a writing that speaks for itself.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

## COUNT I

## CLAIM FOR BENEFITS UNDER ERISA

13. Defendant incorporates herein by reference its responses to Paragraphs 1-12 of Plaintiff's Amended Complaint as if same were fully set forth at length.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief demanded in "Count I" of his Amended Complaint and respectfully request that the Court enter judgment in its favor and against Plaintiff, dismissing Count I of Plaintiff's Amended Complaint in its entirety and with prejudice, and awarding Defendant attorneys' fees, costs and such other and further relief as the Court deems equitable and just.

## COUNT II

## BREACH OF FIDUCIARY DUTIES UNDER ERISA

15. Defendant incorporates herein by reference its responses to Paragraphs 1-14 of Plaintiff's Amended Complaint as if same were fully set forth at length.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief demanded in "Count II" of his Amended Complaint and respectfully request that the Court enter judgment in its favor and against Plaintiff, dismissing Count II of Plaintiff's Amended Complaint in its entirety and with prejudice, and awarding Defendant attorneys' fees, costs and such other and further relief as the Court deems equitable and just.

## COUNT III

## NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII

21. Defendant incorporates herein by reference its responses to Paragraphs 1-20 of Plaintiff's Amended Complaint as if same were fully set forth at length.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief demanded in "Count III" of his Amended Complaint and respectfully request that the Court enter judgment in its favor and against Plaintiff, dismissing Count III of Plaintiff's Amended Complaint in its entirety and with prejudice, and awarding Defendant attorneys' fees, costs and such other and further relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

By way of further answer to Plaintiff's Amended Complaint, Defendant sets forth the following affirmative defenses to Plaintiff's claims:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's allegations fail, in whole or in part, to state any claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by Plaintiff's failure to mitigate his alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred by Defendant's good faith, reasonable efforts to comply with all applicable anti-discrimination laws, rules and regulations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to timely invoke or exhaust his mandatory administrative, contractual and internal plan remedies.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, because any alleged conduct directed towards Plaintiff was engaged in or caused by a fellow servant, or by persons or entities over whom Defendant had no control, opportunity or authority to control, or by persons who acted outside of the scope of their employment with Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by the applicable statute of limitations and administrative time periods governing the claims asserted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by his failure to have invoked an internal complaint or grievance mechanism, the existence of which was both known

and available to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative and/or corrective opportunities that Defendant provided or to avoid the harm otherwise.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are or may be barred or limited by the Doctrine of After-Acquired Evidence.

### TENTH AFFIRMATIVE DEFENSE

All actions taken towards Plaintiff by Defendant were taken in good faith and were based upon reasonable, legitimate and non-discriminatory business reasons.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused, in whole or in part, by his own acts or omissions.

### TWELFTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over all or part of Plaintiff's claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *et. seq.* and/or the National Labor Relations Act, 29 U.S.C. § 151, *et. seq.*

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by the provisions of a collective bargaining agreement which exclusively governed the terms and conditions of his

employment and which imposed upon Plaintiff the duty to submit such claims to the grievance arbitration mechanism contained in that labor agreement.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed for failure to join an indispensable party.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not vested in any benefits under the terms of the Prudential Retirement Plan, which is a defined employee benefit plan governed by ERISA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the terms of the Commission Plan in effect during the relevant time period.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the Doctrine of Estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the Doctrine of Laches.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the Doctrine of Waiver.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the Doctrine of Unclean Hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff does not have any statutory or other basis for recovering attorneys' fees, costs of suit, or damages in this action.

### ADDITIONAL DEFENSES

Defendant hereby reserves the right to assert such other and further defenses to

Plaintiff's Amended Complaint as further investigation and discovery of the facts may warrant.

**WHEREFORE,** having fully answered, Defendant respectfully requests that Plaintiff take nothing by this cause and that Defendant be awarded its costs and attorneys' fees for having to defend against this suit, as well as such other and further relief that the Court deems equitable, proper and just.

Respectfully submitted,

Erin M. O'Neill /s/
Don A. Innamorato, Esq.
Attorney I.D. No. 46633
Erin M. O'Neill, Esq.
Attorney I.D. No. 82372
2500 One Liberty Place
Philadelphia, PA  19103
(215) 851-8100
Attorneys for Defendant

Dated:  September 5, 2002

**CERTIFICATE OF SERVICE**

      This is to certify that the foregoing Answer and Affirmative Defenses has been served *via* certified mail, return receipt requested and overnight mail, on this 5th day of September, 2002, on Plaintiff, *Pro Se* as follows:

Zachariah Mathai Plaintiff, *Pro Se*<br>
366 Tomlinson Terrace<br>
Philadelphia, PA 19116

                      Erin M. O'Neill /s/
                              Erin M. O'Neill